UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GAVIN LITTLE and CHRISTIAN GARCIA,<br><br>Defendants. | 4:19-CR-40009-KES<br><br>ORDER DENYING MOTION TO DISMISS AND MOTION FOR JOINDER |

Defendant, Christian Garcia, moves under Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) to dismiss count 2 or count 3 of the indictment (Docket 20) because the counts are multiplicitous. Docket 48. Co-defendant Gavin Little joins in the motion to dismiss. Docket 50. In the alternative, Garcia and Little move for an order directing the government to elect either count 2 or count 3, or for an order consolidating count 2 and count 3. Docket 48. For the reasons that follow, the motions are denied.

## BACKGROUND

On January 8, 2019, a federal grand jury indicted Garcia and Little, charging them with one count of assault with intent to commit murder in violation of 18 U.S.C. §§ 1152, 1153, 113(a)(1), and 2; one count of assault with a dangerous weapon in violation of 18 U.S.C. §§ 1152, 1153, 113(a)(3), and 2; one count of assault resulting in serious bodily injury in violation of 18

U.S.C. §§ 1152, 1153, 113(a)(6), and 2; and one count of kidnapping in violation of 18 U.S.C. §§ 1201 and 2. Count 2 of the indictment alleges that

> On or about the 25th day of November, 2018, at Marty, in Charles Mix County, in Indian country, in the District of South Dakota, Gavin Little, an Indian, and Christian Garcia, a non-Indian, and others known to the Grand Jury, aiding and abetting each other, did unlawfully assault Keith Cournoyer with a dangerous weapon, that is, shod feet, with intent to do bodily harm to Keith Cournoyer . . . .

Docket 20. Count 3 of the indictment alleges that

> On or about the 25th day of November, 2018, at Marty, in Charles Mix County, in Indian country, in the District of South Dakota, Gavin Little, an Indian, and Christian Garcia, a non-Indian, and others known to the Grand Jury, aiding and abetting each other, did unlawfully assault Keith Cournoyer and said assault resulted in serious bodily injury to Keith Cournoyer . . . .

*Id.* Garcia and Little argue that "Counts 2 and 3 of the Indictment do not *each* contain an element not found in the other." Docket 49 at 2 (emphasis in original).

## LEGAL STANDARD

"An indictment is multiplicitous if it charges the same crime in two counts." *United States v. Sandstrom*, 594 F.3d 634, 651 (8th Cir. 2010). "Demonstrating that an indictment violates the double jeopardy clause requires the defendant to show that the two offenses charged are in law and fact the same offense." *United States v. Two Elk*, 536 F.3d 890, 898 (8th Cir. 2008) (internal quotation omitted). There is no double jeopardy violation if each offense requires proof of an element not required by the other. *United States v. Carpenter*, 422 F.3d 738, 747 (8th Cir. 2005); *see also Blockburger v. United*

2

*States*, 284 U.S. 299, 304 (1932) ("[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

## DISCUSSION

The Eighth Circuit has already considered whether assault resulting in serious bodily injury and assault with a dangerous weapon are multiplicitous. *United States v. Eagle*, 586 F.2d 1193, 1196–97 (8th Cir. 1978). In *Eagle*, the Eighth Circuit considered an argument similar to defendants' argument and concluded that the offenses of assault resulting in serious bodily injury and assault with a dangerous weapon are "different as a matter of law" because each offense requires proof of an element that the other offense does not. *Eagle*, 586 F.2d at 1196 (citing *Blockburger*, 284 U.S. at 304). Thus, the Eighth Circuit has found that no multiplicity occurs when an indictment charges violations of both 18 U.S.C. §§ 113(a)(3) and 113(a)(6). *Id.* at 1197 (noting that the "enactment of the statutes in question over a period of years, and the provision by Congress for separate punishments, are compelling evidence that Congress intended the offenses to be different as a matter of law."); *see also United States v. Fay*, 668 F.2d 375, 379 (8th Cir. 1981).

"The elements of assault with a dangerous weapon are the defendant (1) assaulted the victim, (2) used a dangerous weapon, (3) acted with the intent to do bodily harm, (4) acted without just cause or excuse, (5) is an Indian, and (6) the offense occurred in Indian Country." *United States v. Youngman*, 481 F.3d 1015, 1020 (8th Cir. 2007) (citing 18 U.S.C. §§ 113(a)(3), 1153). Assault with a

3

dangerous weapon includes a "specific intent to do bodily harm." *Fay*, 668 F.2d at 378; *see also* 8th Cir. MJI § 6.18.113(6) (2018) (suggesting that assault with a dangerous weapon includes an element of "specific intent to cause bodily harm"). On the other hand, "[t]he elements of the 18 U.S.C. § 113(a)(6) offense of assault resulting in serious bodily injury are (1) an intentional assault that (2) results in serious bodily injury, committed (3) by an Indian and (4) within Indian Country." *United States v. Contreras*, 816 F.3d 502, 508-09 (8th Cir. 2016) (quoting *United States v. Stymiest*, 581 F.3d 759, 766 (8th Cir. 2009)). Unlike assault with a dangerous weapon, "assault resulting in serious bodily injury requires only a general intent to commit the acts of assault and not a specific intent to do bodily harm." *United States v. Ashley*, 255 F.3d 907, 911 (8th Cir. 2001).

Garcia and Little have failed to show that counts 2 and 3 of the indictment are in law and fact the same offense. *Two Elk*, 536 F.3d at 898. First, counts 2 and 3 of the indictment are not multiplicitous to one another and do not violate the Double Jeopardy Clause of the Fifth Amendment because each offense requires proof of an element not required by the other. Under 18 U.S.C. § 113(a)(3), assault with a dangerous weapon requires the government to prove beyond a reasonable doubt the use of a dangerous weapon. Under 18 U.S.C. § 113(a)(6), assault resulting in serious bodily injury requires the government to prove beyond a reasonable doubt that the alleged victim suffered serious bodily injury. Each of these elements are not elements in the other indicted charge. Thus, each offense requires proof of an element

4

not required by the other. *United States v. Carpenter*, 422 F.3d 738, 747 (8th Cir. 2005); *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932).

There are also different elements of intent in each charged count. Although intent is an element in both counts 2 and 3, assault resulting in serious bodily injury (count 3) requires only a general intent to commit the assault, whereas assault with a dangerous weapon (count 2) requires the specific intent to cause bodily harm. *See Ashley*, 255 F.3d at 911; *Fay*, 668 F.2d at 378. The government must prove beyond a reasonable doubt a specific intent to cause bodily harm in count 2 unlike count 3. Also, various defenses, such as an intoxication defense, can be argued by a defendant on his or her ability to form a specific intent. Thus, the element of intent for counts 2 and 3 of the indictment are also not the same by law.

Finally, counts 2 and 3 of the indictment are also not the same offenses in fact. Garcia and Little argue that counts 2 and 3 are multiplicitous because the counts attempt to punish the same conduct. Docket 49 at 4. They argue that "the same evidence forms the basis" for the two counts. *Id.* But, as discussed above, each offense requires proof of facts that the other offense does not. *See Eagle*, 586 F.2d at 1196. Also, although Garcia and Little argue that this was one incident, evidence could be presented to the jury that the alleged victim was assaulted multiple times in different places and not just with the alleged dangerous weapon of shod feet. Allegations of punching, choking, tripping, slapping, and throwing to the ground are all different facts that could lead to assault resulting in serious bodily injury. Garcia's brief references that

5

the allegations are that the defendants "punched and kicked" the victim. Docket 49 at 4. Allegations of punching are different facts than the use of shod feet as a dangerous weapon. Thus, counts 2 and 3 of the indictment are also not the same offenses in fact.

## CONCLUSION

Counts 2 and 3 of the indictment are two offenses that are not in law and fact the same offense. Each offense requires proof of an element not required by the other. Different facts are alleged for each count. Thus, the charged offenses of assault with a dangerous weapon and assault resulting in serious bodily injury are not multiplicitous. Thus, it is

ORDERED that Garcia's motion to dismiss (Docket 48) is denied.

IT IS FURTHER ORDERED that Little's motion for joinder (Docket 50) is denied.

Dated June 18, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE